IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MONTA M. BROWN,**

    **Plaintiff,**

v.                                                  **Civil Action No. 3:23cv194**

**BERENICE PONCE,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

Monta Brown, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action[1] arguing that his constitutional rights were violated when he received an institutional charge and a subsequent conviction. The matter is before the Court on Mr. Brown's Second Particularized Complaint, (ECF No. 30),[2] and the Motion to Dismiss filed by Defendant

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] For reasons that are unclear, Mr. Brown filed a new "Civil Action Complaint" on May 28, 2024. (ECF No. 39.) By Memorandum Order entered on June 13, 2024, the Court explained that the matter proceeded on the Second Particularized Complaint, (ECF No. 30), Mr. Brown was not permitted to litigate two complaints, and if he wished his newest "Civil Action Complaint" to replace his Second Particularized Complaint, he was required to notify the Court of his desire to proceed on the "Civil Action Complaint," within fifteen (15) days of the date of entry thereof. (ECF No. 44, at 1.) Otherwise, the Court explained, the matter remained before the Court on the Second Particularized Complaint only. (ECF No. 44, at 1.) Mr. Brown did not notify the Court that he wished to only proceed on the "Civil Action Complaint." Therefore, the Second Particularized Complaint is the only operative complaint before the Court.

Berenice Ponce, (ECF No. 41). Defendant Ponce and the Court provided Mr. Brown with notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (ECF Nos. 43, 53.) Mr. Brown has filed several responses. (ECF Nos. 50, 51.) For the reasons stated below, the Motion to Dismiss, (ECF No. 41), will be GRANTED.

## I. Standard of Review

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Procedural History, Allegations, and Claims

In his Second Particularized Complaint, Mr. Brown alleges that Berenice Ponce, a counselor at Sussex I State Prison ("Sussex"), and Rhonda Langford and Mark Kitchen, hearings

3

officers at Sussex, violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights when he was charged and convicted for indecent exposure. (ECF No. 30, at 1–4.) Mr. Brown alleges the following facts in support of his claims:[3]

> 4. Ms. Ponce: Ms. Ponce on entering 3-building D-pod did not follow policy and procedure and watched me masturbate without my knowledge. As a [result], she wrote me an institutional charge.
>
> 5. Ms. Ponce: Ms. Ponce at a disciplinary hearing of the institutional charge . . . admitted to not following policy and procedure.
>
> 6. Ms. Ponce: Ms. Ponce [at the hearing] . . . also admitted to watching me often without my knowledge.
>
> 7. Ms. Ponce: Ms. Ponce at this case . . . also admitted that she was not conducting any professional business coming to my cell (3-building, D-pod, 15 cell (3D15)) 3D15.
>
> 8. Ms. Ponce: Ms. Ponce came to my cell 3D15 without knocking, speaking or announcing herself in any way to me with the intent to invad[e] my privacy.
>
> 9. Ms. Ponce: Ms. Ponce [at the hearing] also stated that she does not have to follow policy and procedure and announce herself as DOC policy and procedure states.
>
> 10. Ms. Ponce committed voyeurism (sexual abuse) by observing me on more than one time masturbating in my cell 3D15 privacy.
>
> 11. Ms. Langford: Ms. R. Langford denied my request for witnesses for the case . . . .
>
> 12. Ms. Langford: Ms. Langford denied my request for documentary evidence for the case . . . .
>
> 13. Ms. Langford: Ms. Langford stated that Ms. Ponce does not have to answer my questions at the hearing . . . .
>
> 14. Ms. Langford: Ms. Langford stated that Ms. Ponce does not have to announce herself to me and follow policy and procedure.

---

[3] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling and punctuation in the quotations from Brown's submissions.

>    15.    Ms. Langford: Ms. Langford did not enforce policy and procedure in the case . . . .
>
>    16.    Ms. Langford spoke for Ms. Ponce in the case . . . .
>
>    17.    Mr. Kitchen: Mr. Kitchen denied my request for evidence (video and audio camera footage) for the case . . . .

(ECF No. 30, at 1–2.)

By Memorandum Order entered on April 15, 2024, the Court conducted its screening obligations under 28 U.S.C. § 1915, and explained as follows:

> Upon concluding the review of the complaint required by the Prison Litigation Reform Act, it is ORDERED that:
>
>    1.    Plaintiff contends that Defendant Langford violated his Fifth Amendment due process rights[4] and a Sixth Amendment right[5] to "an impartial hearing." (ECF No. 30 ¶¶ 23–24.) Because Plaintiff is a state inmate bringing claims against state actors, his due process claims are governed by the Fourteenth Amendment,[6] not the Fifth Amendment. *See Winfield v. Bass*, 106 F.3d 525, 530 n.2 (4th Cir. 1997). Moreover, it is the Fourteenth Amendment Due Process Clause, not the Sixth Amendment, that provides a state inmate with the right to an impartial institutional hearing. Plaintiff's claims brought under the Fifth and Sixth Amendment are DISMISSED.
>
>    Plaintiff also suggests that "[Defendant] Ponce['s] voyeurism seized my privacy in my house" and Defendant Langford "seized my papers and effects when she denied my requests for evidence," thereby violating his Fourth Amendment rights.[7] (ECF No. 30 ¶¶ 21–22.) Plaintiff also suggests that Defendant Ponce violated his rights "as she stated that I have no right to any privacy." (ECF No. 30

---

[4] "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

[5] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. Const. amend. VI.

[6] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[7] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

¶ 18.) Plaintiff, as a prisoner, has no "legitimate expectation of privacy [in his cell] and . . . the Fourth Amendment's prohibition on unreasonable searches does not apply." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). "The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Id.* at 526. Plaintiff has no legitimate expectation of privacy in his cell and his Fourth Amendment claims will be DISMISSED.[8]  Accordingly, only Plaintiff's Fourteenth Amendment due process claims remain.[9]

(ECF No. 32, at 1–2 (footnote numbers altered) (all other alterations in original).)

As explained in the April 15, 2024 Memorandum Order, Mr. Brown's due process claims remain as set forth in paragraphs ¶¶ 19–20, and 22–24 of his Particularized Complaint. In those paragraphs Mr. Brown states as follows:

> 19. As stated in sec. II, 11–16, Ms. Langford violated all of my due process rights when she did not follow the DOC policy and procedure which provide Plaintiff with due process rights. Ms. Langford further violated my due process right in [his case] as she denied my due process right to properly question the said "victim" in the case.
>
> 20. As stated in sec. II, 17, Mr. Kitchen violated my due process rights when he did not follow the DOC policy and procedure which provide me the due process right to request video and audio camera footage as evidence th[is] case . . . .
>
> . . . .
>
> 22. As stated in sec. II, 11–16, Ms. Langford seized my papers and effects when she denied all my requests for evidence that would prove my innocence and that I was indeed a victim . . . .
>
> . . . .

---

[8] Although Plaintiff claims that Defendant Ponce violated his due process rights "as she stated that I have no right to any privacy," (ECF No. 30 ¶ 18), this is once again a Fourth Amendment claim, and will be DISMISSED. To the extent that Plaintiff argues that he was denied evidence for his institutional hearing, that claim arises from the Fourteenth Amendment, not the Fourth Amendment. The Court allows that claim to proceed solely under the Fourteenth Amendment.

[9] The remaining Fourteenth Amendment due process claims are contained in paragraphs ¶¶ 19–20, 22–24.

6

      23. As stated in sec. II, 11–16, Ms. Langford deprived me of liberty without due process right when she failed to follow DOC policy and procedure. Her actions directly deprived me of early release good time, security level DOC transfer, and job which provide my livelihood.

. . . .

      24. As stated in sec. II, 11–16, Ms. Langford deprived me of an impartial hearing, which is guaranteed to me by DOC policy and procedure, and DOC Operational Procedure 861.1.

(ECF No. 30, at 3.)[10]

### III. Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676 (citations omitted). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability is "personal, based upon each defendant's own constitutional violations").

As Defendant Ponce correctly asserts, Defendant Ponce is not named in any of these due process claims. Thus, Mr. Brown fails to allege facts indicating that Defendant Ponce was

---

[10] The Court notes that several pages later, on page 6, there is an additional due process allegation against Ms. Langford in paragraph 25. (ECF No. 30, at 6.) However, that is not relevant for the Motion to Dismiss filed by Defendant Ponce so the Court does not recite it here.

personally involved in the deprivation of his due process rights in conjunction with the institutional hearing. Rather, Mr. Brown's allegations are that Defendant Langford took Defendant Ponce's side and defended her, spoke in place of Defendant Ponce, indicated that Defendant Ponce did not have to answer Mr. Brown's questions during the hearing, and that Defendant Kitchen denied him certain evidence at the hearing. These allegations are all against Defendant Langford, not against Defendant Ponce. In sum, Mr. Brown fails to allege facts indicating that Defendant Ponce was personally involved in the deprivation of his due process rights.[11] Any remaining claim against Defendant Ponce will be DISMISSED.[12]

---

[11] The Court notes the footnote in the April 15, 2024 Memorandum Order, see n.8 supra, could be read to suggest that the Court believed that there was a due process claim against Defendant Ponce in paragraph 18. The Court indicated that with respect to paragraph 18, that "[a]lthough Plaintiff claims that Defendant Ponce violated his due process rights "as she stated that I have no right to any privacy," (ECF No. 30 ¶ 18), this is once again a Fourth Amendment claim, and will be DISMISSED." (ECF No. 32, at 2 n.5.) The Court further stated: "To the extent that Plaintiff argues that he was denied evidence for his institutional hearing, that claim arises from the Fourteenth Amendment, not the Fourth Amendment. The Court allows that claim to proceed solely under the Fourteenth Amendment." (ECF No. 32, at 2 n.5.) The Court now clarifies that Paragraph 18 did not contain an allegation that Defendant Ponce was involved in denying him evidence for his institutional hearing. The Court's statement was a reference to the due process allegations against Defendant Langford in paragraph 22.

Even reviewing paragraph 18, the remaining "due process" portion of the claim suggests that Defendant Ponce violated his due process rights by not following VDOC policies and procedures. (ECF No. 32 ¶ 18; see also ECF No. 50, at 1; ECF No. 51. at 1–2.) However, violations of prison operating procedures do not implicate due process rights and are not cognizable under § 1983. See Riccio v. Cty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990); Puranda v. Hill, No. 3:10CV733–HEH, 2012 WL 2311844, at *5 (E.D. Va. June 18, 2012).

[12] At the end of his Second Particularized Complaint, Mr. Brown indicates that Defendant Ponce committed "[v]oyeurism" and "intentional infliction of emotional distress when she knowingly, intentionally, and willingly invaded my privacy." (ECF No. 30 ¶ 26.) Mr. Brown fails to plead a claim of intentional infliction of emotional distress under Virginia law. To state a claim, Mr. Brown was required to allege the following four elements: "(1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous or intolerable; (3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; (4) and the resulting emotional distress was severe." Almy v. Grisham, 639 S.E.2d 182, 186 (Va. 2007) (citations omitted). At most, Mr. Brown states that "Ms. Ponce intentional infliction of emotional distress when she knowingly, intentionally, and willingly invaded my privacy for

8

## IV. Conclusion

The Motion to Dismiss, (ECF No. 41), will be GRANTED. Any remaining claim against Defendant Ponce will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 12/13/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

reasons unrelated to official duties." (ECF No. 30 ¶ 26.) Thus, Mr. Brown fails to allege "all facts necessary to establish the cause of action," *see id.* at 187 (citations omitted), and therefore he fails to state a claim. To the extent that Mr. Brown intended to raise a state law claim of intentional infliction of emotional distress against Defendant Ponce, that claim will be DISMISSED.

In his first response, Mr. Brown appears to simply reiterate his allegations including continuing to argue his Fourth Amendment claims about Defendant Ponce invading his privacy. (ECF No. 50, at 1–2.) As explained previously, those claims deriving from the Fourth Amendment fail to state a claim and were dismissed by Memorandum Order entered on April 15, 2024.

9